JAMES D. PERKINS, WSBA #12996
Attorney for the United States Trustee
United States Dept. of Justice
920 West Riverside, Room 593
Spokane, WA 99201
Telephone (509) 353-2999
Fax (509) 353-3124

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re:<br><br>Summer K. Mathena<br><br>Debtor | Case No. 10-06985-PCW7 |
| Robert D. Miller Jr., United States Trustee<br><br>Plaintiff<br><br>v.<br><br>Summer K. Mathena<br><br>Defendant | Adversary No. _____<br><br>UNITED STATES TRUSTEE'S COMPLAINT OBJECTING TO DISCHARGE |

The United States Trustee brings this action seeking an order of this Court denying a discharge to Debtor Summer K. Mathena pursuant to §§727(a)(6)(A) and (C) of the Bankruptcy Code, 11 U.S.C. §101 et seq. (the Bankruptcy Code) and for other appropriate relief. In support thereof, the United States Trustee alleges as follows:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§157 and 1334.

United States Trustee's Complaint - 1

2. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(J).

3. Plaintiff, Robert D. Miller Jr. (the "United States Trustee"), is the duly appointed United States Trustee for the Eastern District of Washington pursuant to 28 U.S.C. §581(a)(18). The United States Trustee maintains his principal place of business within this district at 920 W. Riverside, Room 593, Spokane, Washington.

4. Pursuant to 28 U.S.C. §586(a), the United States Trustee is charged by Congress with the duty to monitor the administration of cases commenced under the Bankruptcy Code, 11 U.S.C. §§ 101 et seq.

5. Pursuant to § 727(c)(1) of the Bankruptcy Code, the United States Trustee has standing to bring this complaint.

6. Venue in this Court is proper pursuant to 28 U.S.C. §1409(a).

7. As of the date of the petition, the Defendant resided at 1946 Valley View Boulevard, Wenatchee, Washington. Upon information and belief, the United States Trustee alleges that the Defendant currently still resides at that address.

**BACKGROUND**

8. Defendant filed her petition for relief in this case on December 17, 2010.

9. On December 20, 2010 and January 11, 2011, representatives of the United States Trustee contacted Ms. Mathena, through her attorney Joseph R. Jackson, seeking information about Ms. Mathena's bankruptcy filing.

United States Trustee's Complaint - 2

10. When the United States Trustee received no response to these requests, his representatives contacted Mr. Jackson again on January 25, 2011 and asked for dates when Mr. Jackson and the Debtor would be available to attend a Rule 2004 examination

11. Mr. Jackson responded to this request on January 28, 2011, but did not provide either the requested information or dates for a Rule 2004 examination.

12. On February 7, 2011 the United States Trustee filed an Application for Rule 2004 Examination with the Court as Docket #11. That Application sought an order setting a 2004 examination of the Debtor and the production of certain documents by the Debtor. The Court granted that Application by Order dated February 8, 2011, Docket #13, ordering the Debtor to appear at the Wenatchee Federal Building on February 17, 2011 @ 10:30 am and to bring with her specified documents requested by the United States Trustee.

13. Prior to that February 17th date, counsel for the Debtor and for the United States Trustee agreed to move the date and time of that examination to February 28, 2011 at 1:30 pm for the convenience of all parties.

14. Counsel for the Debtor and for the United States Trustee both appeared at the Wenatchee Federal Building on February 28, 2011 at 1:30 pm for the ordered 2004 examination. The Debtor did not appear for that examination. Counsel for the Debtor did provide counsel for the United States Trustee with some, but not all, of the documents identified in the 2004 Order at that time.

United States Trustee's Complaint - 3

15. On March 2, 2011 the United States Trustee filed a Motion to Compel 2004 Examination and for Sanctions with the Court as Docket #16. That Application sought an order re-setting the 2004 examination of the Debtor, the production of the identified documents by the Debtor, and an award of monetary sanctions against the Debtor for her failure to appear at the original 2004 Examination. The Debtor did not object and the Court granted that Motion by Order dated March 31, 2011, Docket #23, ordering the Debtor to appear at the offices of the United States Trustee in Spokane on April 20, 2011 at 1:30 pm, to bring with her the specified documents requested by the United States Trustee, and to pay sanctions to the Court in the amount of $250.

16. On April 19, 2011, counsel for the United States Trustee received an e-mail from counsel for the Debtor indicating that she would not be appearing for the 2004 Examination on April 20, 2011.

17. The Debtor did not appear at the offices of the United States Trustee on April 20, 2011 for a Rule 2004 Examination as ordered by the Court.

18. The Debtor has not paid the monetary sanctions of $250 as ordered by the Court on March 31, 2011.

**CAUSE OF ACTION #1 – DENIAL OF DISCHARGE §727(a)(6)(A) – REFUSAL TO OBEY A COURT ORDER**

19. The Defendant, by her actions in (a) twice failing to appear for Rule 2004 Examinations as ordered by this Court, (b) twice failing to produce all of the documents the Court has ordered her to produce, and (c) failing to pay monetary sanctions to the Court as ordered, all as detailed above, has refused to obey a lawful order of this Court.

United States Trustee's Complaint - 4

## CAUSE OF ACTION #2 – DENIAL OF DISCHARGE §727(A)(6)(C) – REFUSAL TO TESTIFY

20. The Defendant, by her actions in twice failing to testify at Rule 2004 Examinations as ordered by this Court, as detailed above, has refused to testify in this matter as ordered by this Court.

21. The Defendant has never indicated in connection with her refusal to testify that she is doing so on the basis of her privilege against self-incrimination.

WHEREFORE, the United States Trustee respectfully asks this Court to enter an order:

A. Denying the Defendant's discharge in this case pursuant to §§727(a)(6)(A) and (C); and

B. Granting such other relief as this Court deems just and equitable.

Dated: April 22, 2011

Respectfully submitted,

ROBERT D. MILLER JR.
United States Trustee

/s/ *James D. Perkins*
JAMES D. PERKINS
Attorney for the United States Trustee

United States Trustee's Complaint - 5